UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)

**MIDDLEBROOKS SHAPIRO, P.C.**
841 Mountain Avenue, First Floor
Springfield, New Jersey 07081
(973) 218-6877
Joseph M. Shapiro, Esq.
*jshapiro@middlebrooksshapiro.com*
Counsel for the Chapter 7 Debtors,
Hal J. Landis and Erica N. Landis

In Re:

**HAL J. LANDIS and ERICA N. LANDIS,**

Chapter 7 Debtor.

Order Filed on March 14, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 17-16143-RG

Adv. No.:

Hearing Date:

Judge: Rosemary Gambardella

## CONSENT ORDER REGARDING INSURANCE POLICIES

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby **ORDERED.**

DATED: March 14, 2018

Honorable Rosemary Gambardella
United States Bankruptcy Judge

In re: Hal J. Landis and Erica N. Landis
Case No. 17-16143-RG
Caption: Consent Order Regarding Insurance Policies
(Page 2)

**WHEREAS**, on March 29, 2017, the Debtors, by and through their counsel Middlebrooks Shapiro, P.C. ("MSPC"), filed their voluntary Chapter 7 petition with this Court (Docket No. 1) (the "Petition"); and

**WHEREAS**, on March 30, 2017, Barbara Edwards was appointed Chapter 7 Trustee in this matter (the "Trustee"); and

**WHEREAS**, the Debtors' 341(a) Meeting of Creditors (the "341 Meeting") was conducted on April 27, 2017, the Trustee was delayed in arriving to the 341 Meeting, the 341 Meeting was conducted by Jeffrey Lester, Esq. ("Lester"), and during the 341 Meeting, Lester directed the Debtors to amend Schedule C of their Petition to revise certain exemptions because he asserted that the exemptions exceeded the statutory allowance and, further, Lester requested copies of the statements for the Debtors' New York Life Insurance Policy (collectively the "Insurance Policies"); and

**WHEREAS**, on May 3, 2017, MSPC sent correspondence to the Trustee enclosing the requested copies of statements for the Insurance Policies; and

**WHEREAS**, on May 8, 2017, MSPC and the Trustee participated in a telephone conference regarding the tax consequences arising from the hypothetical liquidation of the Insurance Policies; and

**WHEREAS**, on May 9, 2017, the Debtors, by and through MSPC, filed amended Petition Schedules A/B, C, Summary of Schedules and Declaration Concerning Schedules with this Court setting forth values of the Insurance Policies, and claimed related exemptions on the Insurance Policies (Docket No. 7) (the "Amended Schedules"); and

| | |
|---|---|
| In re: | Hal J. Landis and Erica N. Landis |
| Case No. | 17-16143-RG |
| Caption: | Consent Order Regarding Insurance Policies |
| (Page 3) | |

**WHEREAS**, the deadline to object to the Debtors' claimed exemptions set forth in the Amended Schedules expired on June 8, 2017; and

**WHEREAS**, on August 28, 2017, the Debtors, by and through MSPC, filed a Motion for Order Deeming the Trustee Time-Barred from Objecting to the Debtors' Claimed Exemptions (Docket No. 14) (the "Motion"); and

**WHEREAS**, on September 6, 2017 and September 26, 2017, the Trustee, by and through her counsel, filed Responses in opposition to the Motion (Docket Nos. 15 and 22) (collectively the "Objection"); and

**WHEREAS**, on January 22, 2018, this Court entered an Order Denying the Debtors' Motion (Docket No. 36); and

**WHEREAS**, the Debtors and the Trustee (collectively referred to herein as the "Parties") subsequently engaged in settlement discussions to reach a global resolution of the matter of the Insurance Policies; and

**WHEREAS**, following good faith negotiations, the Parties to this Consent Order desire to settle this matter to avoid further costs of litigation on the terms and conditions set forth herein; and

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree as follows, and

**IT IS HEREBY ORDERED:**

In re:         Hal J. Landis and Erica N. Landis
Case No.       17-16143-RG
Caption:       Consent Order Regarding Insurance Policies
(Page 4)

(1) The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Consent Order.

(2) This Consent Order, and all terms and conditions herein, are hereby **APPROVED** in their entirety pursuant to applicable provision of the Bankruptcy Code and the Bankruptcy Rules.

(3) In addition, any actions of the Parties to the Consent Order necessary to consummate the transactions contemplated by the Consent Order also are **APPROVED**.

(4) In consideration of the mutual promises and covenants contained herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree that:

    a. The Debtors will remit seventeen thousand five hundred dollars ($17,500.00) (the "Funds") to the Trustee within thirty (30) days of entry of this Consent Order by the Bankruptcy Court.

(5) The within Consent Order represents a full settlement of any and all claims by and between the Parties to this Consent Order, including but not limited to those related to the Insurance Policies (the collectively the "Claims").

(6) The effectiveness of this Consent Order is subject to approval by the Bankruptcy Court, and shall become effective on the date on which it has been approved by the Court (the "Effective Date").

(7) Upon full payment of the Funds by Debtors, the Debtors and the Trustee mutually release and forever discharge each other from any and all liability, claims, demands and causes of

In re:          Hal J. Landis and Erica N. Landis
Case No.        17-16143-RG
Caption:        Consent Order Regarding Insurance Policies
(Page 5)

action, known or unknown, that the Trustee may have against the Debtors, and that the Debtors may have against the Trustee.

(8) The Parties hereby warrant and represent that they have not previously assigned, sold, transferred, conveyed or otherwise disposed of any rights to or interest, in whole or in part, their respective Claims, including but not limited to any rights to or interest, in whole or in part, claims, charges, demands, judgments, cause of actions, or damages, related to or arising out of the Claims, of any nature whatsoever, that the Parties have, had, or may have, and against any individuals or entities related to or arising out of the Claims, whether known or unknown, choate or inchoate, fixed or contingent, at law, admiralty, in equity, or otherwise or whether based on common law or any federal or state statute, rule or regulation whether suspected or unsuspected, or whether now or previously recognized to any other person.

(9) It is understood that this Consent Order embodies a compromise of various disputed claims, and it is not to be construed, and is not intended, as an admission or suggestion that any valid claim or cause of action exists by either party and/or that any valid defense exists to any such claims or causes of action by either party.

(10) Entry into this Consent Order by the Parties shall not be construed to be an admission or acknowledgment of any wrongdoing.

(11) If this Consent Order is not approved by the Court, for any reason, or this Consent Order is otherwise deemed invalid as a result of a breach of this Consent Order, the Parties reserve all of their rights to assert any applicable claims, causes of action and defenses as against each other, the Parties, any entity or person, and/or any other party in interest.

In re:         Hal J. Landis and Erica N. Landis
Case No.       17-16143-RG
Caption:       Consent Order Regarding Insurance Policies
(Page 6)

(12) The Parties agree that they shall bear their own costs and fees as it relates in any way to this Consent Order.

(13) This Consent Order shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey.

(14) The United States Bankruptcy Court for the District of New Jersey, Newark Vicinage, shall retain jurisdiction over the terms and conditions of this Consent Order, and all disputes, claims or actions based upon this Consent Order shall be heard exclusively by that Court.

(15) No failure or delay by either party in exercising any right, power, or privilege under this Consent Order or applicable law shall operate as a waiver against that party.

(16) The invalidity, illegality, or unenforceability of any provision of this Consent Order shall not affect any other provision of this Consent Order, which shall remain in full force and effect and which shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

(17) This Consent Order constitutes the entire agreement between the Parties and this Consent Order cannot be orally altered, amended, or superseded except upon written consent of the Parties hereto. It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Consent Order be construed as an integrated document.

(18) This Consent Order was drafted by all the Parties and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable.

(19) This Consent Order shall be binding upon and inure to the benefit of the successors and assigns of the Parties.

In re:          Hal J. Landis and Erica N. Landis
Case No.        17-16143-RG
Caption:        Consent Order Regarding Insurance Policies
(Page 7)

(20) The persons signing below each represent and warrant that they have the authority to enter into and perform under this Consent Order on behalf of the party on whose behalf they so sign or represent.

(21) The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Consent Order, and they have not, except as noted herein, relied upon any representations, written or oral, express or implied, of any other party or person in verifying and satisfying themselves as to such facts and/or condition of facts. Rather, the Parties relied upon their own judgment, beliefs and interest and the advice of their own counsel, and had a reasonable period of time to consider this Consent Order.

(22) The Debtors and the Trustee acknowledge that their attorney or attorneys have advised them of the legal import and consequences of this Consent Order.

(23) This Consent Order may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the party so signing, and it shall not be necessary or required that the signatures of all parties appear on a single signature page hereto. It shall not be necessary, in making proof of the Consent Order, to produce or account for more than one (1) counterpart.

(24) A facsimile or PDF signature on this Consent Order shall be deemed to be an original signature for all purposes. If a suit or a proceeding is brought to enforce the terms of this Consent Order, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Consent Order bearing original signatures of the Parties, other than facsimile and/or PDF signatures.

In re: Hal J. Landis and Erica N. Landis
Case No. 17-16143-RG
Caption: Consent Order Regarding Insurance Policies
(Page 8)

(25) The Parties hereto shall execute and deliver such other and further documents and perform such other and further acts as may be reasonable, necessary and/or customary to consummate the transactions contemplated by this Consent Order.

_____
Hal J. Landis, Chapter 7 Debtor
Dated: 2/28/18

_____
Erica N. Landis, Chapter 7 Debtor
Dated: 2/28/18

_____
Barbara Edwards, Chapter 7 Trustee
Dated: 2/21/18